The only stated reason for wanting to reopen the case was to amend the schedules to add the (1) one debt. Presumably, the debtor is concerned that the debt was not discharged because of the failure to properly list it. The listing of a debt in the schedules is not a condition of its discharge under 11 U.S.C. §727. That section provides that the debtor is "discharged . . . from all debts that arose before the date of the order for relief." Nothing in §727 prevents an unscheduled debt from being discharged. There is no indication that either the debtor or the creditor wish to file an adversary proceeding regarding the dischargeability of the debt in question.

Therefore, the Court concludes that cause does not exist for the case to be reopened. Any debts which were dischargeable were discharged by the Court's order of October 5, 2007.[1] Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Motion to Reopen Case is **DENIED**.

Dated: November 3, 2009

/s/ Thomas B. Bennett
United States Bankruptcy Judge

/mb

---

[1] The Court would cite the parties to the decision on this issue which was previously entered in In re Coleman, Case No. 93-03514-TOM-7, December 29, 1995, for more in depth analysis of the issue of reopening Chapter 7 cases to amend schedules.